**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-2086

SHERRY WHITE-BATTLE,

Plaintiff - Appellant,

versus

THOMAS W. MOSS, JR.; GEORGE SCHAEFER; NORFOLK
ELECTORAL BOARD,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior
District Judge.  (2:05-cv-00761-HCM)

Submitted:  February 12, 2007       Decided:  March 9, 2007

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Sherry White-Battle, Appellant Pro Se. Jeff Wayne Rosen, PENDER &
COWARD, PC, Virginia Beach, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherry White-Battle appeals from the district court's order granting summary judgment to Defendants on White-Battle's complaint, alleging violations of the Voting Rights Act ("VRA"), and claims under 42 U.S.C. § 1983 (2000). We have reviewed the record and the arguments on appeal, and we find no error in the district court's reasoning regarding the § 1983 claims. Thus, we affirm the portion of the district court's order dealing with these claims for the reasons stated by the district court. See White-Battle v. Moss, No. 2:05-cv-00761-HCM (E.D. Va. Sept. 8, 2006).

Regarding White-Battle's VRA claims, the district court granted summary judgment, finding that White-Battle lacked standing because she brought her claims strictly as a candidate and not as an individual voter. Our review of White-Battle's complaint convinces us that White-Battle brought her complaint as both a candidate and a voter. Thus, she had standing. See Roberts v. Wamser, 883 F.2d 617, 621 (8th Cir. 1989). However, for the reasons that follow, we find that summary judgment was nonetheless properly granted.

White-Battle raised claims under § 2 and § 5 of the VRA. To show a violation of § 2 of the VRA, White-Battle must show that a voting standard, practice or procedure was imposed in a manner which resulted in a denial or abridgement of the right to vote on

account of race. 42 U.S.C. § 1973(a) (2000). In the November 8, 2005, election for Norfolk City Treasurer, White-Battle claims that (1) her vote was not counted, (2) the voting machines were rigged in favor of white candidates, and (3) the voting machines miscounted African-American votes. However, White-Battle failed to offer any competent evidence in support of her claims. Even accepting her sworn statement that her vote was not counted, she has produced no evidence that the miscounting was the result of a voting standard, practice, or procedure, or that any miscounting affected black voters only. There is absolutely no evidence that voting machines were rigged, and as for the miscounting, White-Battle's "evidence" is misleading and unpersuasive.[*] Accordingly, although White-Battle did have standing under § 2 to bring her claim, summary judgment was properly granted because her evidence was insufficient to create disputed issues of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (holding that party opposing summary judgment may not rely

_____

[*]White-Battle attaches to her complaint handwritten comparisons of the initial tallies of the votes in each precinct with the final election results. A majority of the precincts show a slight difference in the two numbers, but in no case did the differences result in a change in the winner. Defendants state that the differences resulted from disabled or elderly persons voting from their cars, provisional ballots cast by persons not pre-registered, and the addition of absentee ballots, which are reconciled with the tallies from the machines. White-Battle proffers no evidence showing that the Defendants' explanation is incorrect.

on allegations but must produce sufficient evidence supporting the claimed factual dispute).

Regarding her preclearance claim under § 5 of the VRA, White-Battle must show that the Board failed to preclear any changes in its voting practices with the Justice Department. See 42 U.S.C. § 1973c (2000). The Board submitted evidence that it precleared use of the touch-screen machines in 2002. White-Battle asserts that, while the use of the machines was precleared, the Board failed to preclear the way that it would use the machines to count votes. Specifically, she objects to the fact that the tallies from each machine can be altered to reflect absentee ballots, and other ballots from those who could not, or did not, use the machines. We find that this method of counting votes is implicit in the use of the touch-screen machines and logically did not need to be precleared separately. White-Battle submits no evidence that the Board altered its method of counting votes using the machines after obtaining preclearance in 2002. Accordingly, although White-Battle had standing to pursue this claim, it was properly dismissed.

Thus, we affirm the district court's order on modified grounds. See United States v. Smith, 395 F.3d 516, 518-19 (4th Cir. 2005) ("We are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record."). We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                    <u>AFFIRMED AS MODIFIED</u>